UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLIN E. JOHNSON,

    Plaintiff,

v.

GENESEE COUNTY JAIL and L.T. SKINNER,

    Defendants.
_____/

Case No. 2:23-cv-10182
District Judge Mark. A. Goldsmith
Magistrate Judge Kimberly G. Altman

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 16)

### I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Kaylin E. Johnson (Johnson), proceeding *pro se*, alleges that defendants the Genesee County Jail and Lieutenant Skinner violated his Eighth Amendment rights during an incident that occurred when he was being booked into the Genesee County Jail. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 9).

Before the Court is Johnson's motion for the Court to appoint him counsel. (ECF No. 16). Defendants did not file a response. For the reasons that follow, the motion will be DENIED WITHOUT PREJUDICE.

1

II. Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted).

III. Analysis

Johnson has not demonstrated an exceptional need for counsel at this time. An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017). In his motion, Johnson cites his incarceration as the primary reason he needs counsel. (ECF No. 16, PageID.55). Incarceration and the communication issues that come along with it are "relatively routine circumstances" that all imprisoned litigants face.

Further, this case is still in the early stages of litigation. Discovery is not due until November 30, 2023, and dispositive motions need not be filed until December 30, 2023. If any of Johnson's claims survive dispositive motion

practice or circumstances otherwise significantly change, he may file a new motion for the appointment of counsel.

IV. Conclusion

For the reasons set forth above, Johnson's motion for the Court to appoint him counsel, (ECF No. 16), is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: November 8, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 8, 2023.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager