UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLIN E. JOHNSON,

    Plaintiff,

v.

GENESEE COUNTY JAIL, and
SKINNER,

    Defendants.

Case No. 2:23-cv-10182
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 24)

### I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Kaylin E. Johnson (Johnson), proceeding *pro se*, alleges that defendants the Genesee County Jail (GCJ) and Lieutenant Skinner violated his Eighth Amendment rights during an incident that occurred when he was being booked into the Genesee County Jail as a pretrial detainee.[1]  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned.  (ECF No. 9).  Before the

---

[1] On May 24, 2024, Johnson filed a Notice of Change of Address, stating that he was housed at a the Allenwood Medium Federal Correctional Facility in White Deer, PA.  (ECF No. 26).  However, as explained *infra*, mail sent by defendants to that address of record was returned to defendants as undeliverable.

1

Court is defendants' motion for summary judgment. (ECF No. 24). Johnson was directed to file a response to the motion by June 24, 2024. (ECF No. 25). That date has passed and Johnson has not filed a response.

For the reasons that follow, the undersigned RECOMMENDS that defendants' motion for summary judgment be GRANTED.

## II.   Background

Defendants set forth the following material facts taken from the complaint and Johnson's deposition, which they do not dispute for purposes of their motion:

> Plaintiff was arrested on the evening of September 11, 2021 for driving on a suspended license and for a felony charge of possession of analogues. (Exhibit 1, Pl.'s Dep., p. 5). He was taken to the Flint City Jail lockup but he refused to comply with the strip search. (Ex. 1, p. 40-41). Plaintiff was then taken to the Genesee County Jail for processing. (Ex. 1, p. 41).
>
> At the Genesee County Jail, Plaintiff was again asked to comply with the strip search so he could be lodged into the Jail, but he "didn't do it the way that they wanted [him] to do it." (Ex. 1, p. 41). Plaintiff felt that he was compliant enough and there was "a standoff" that ended with Plaintiff being put into a restraint chair. (Ex. 1, p. 42-44). Plaintiff claims that he was sprayed with pepper spray while he had a spit mask put over his head once he was in the chair even though he was not resisting. (Ex. 1, p. 68). Plaintiff admits that he is not aware of any policy of the Genesee County Jail that would permit the alleged conduct (which Defendants deny occurred). Plaintiff testified:
>
>> Q. All right. Do you know if there's a policy at the Genesee County Jail to mace people with their face inside a spit mask?
>> A. I don't know, but no, not that I'm aware.
>>
>> \*\*\*

2

> Q. Do you have any knowledge or information about the policies of the Genesee County Jail?
> A. No. (Ex. 1, p. 62, 70-71).

Despite the existence of a grievance process at the Genesee County Jail, Plaintiff did not file a grievance. (Exhibit 2, Affidavit). Further, Lt. Skinner was not at the Jail at the time of the alleged events; he did not work those hours on September 11-12, 2021. (Id.).

### III. Legal Standards[2]

#### A. Standard for Dismissal

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content

---

[2] Although titled as a motion for summary judgment, some of defendants' arguments are aimed at the complaint and therefore more appropriately considered as grounds for dismissal. Therefore, both legal standards are set forth.

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

B.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Johnson is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting

5

*Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

### III. Johnson's Failure to File a Response

As noted above, Johnson did not file a response to defendants' motion. Indeed, on July 30, 2024, defendants filed a "Notice to the Court of Inability to Serve Plaintiff," stating that they served the motion for summary judgment on Johnson at his current address of record and it was returned to them as undeliverable. (ECF No. 27). Moreover, Johnson was informed of his obligation to update the Court with his address, as reflected in the Notice he received from the Clerk's Office shortly after he filed the complaint. *See* ECF No. 4 – Notice of Parties' Responsibility to Notify Court of Address Changes. That Notice makes clear that a "failure to properly notify the court of a change of address or other contact information may result is the **dismissal** of your case." (*Id.*, PageID.13). Johnson was clearly aware of his obligation because he filed two notices of change of address in this case. *See* ECF No. 20 and ECF No. 26. So, it appears that Johnson has a new address which he has not updated as required.

The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P.

6

12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

As to a motion for summary judgment, the Sixth Circuit has said that "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991))). That said, when a motion for summary judgment is unopposed,

"[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

In light of the above, the undersigned will consider the merits of the motion even in the absence of a response.

IV. Discussion

Defendants present several arguments in support of their motion. They are addressed in turn below.

A. Eighth Amendment

Defendants argue that Johnson cannot state a claim under the Eighth Amendment because those rights do not attach until after a conviction and at the time of the alleged events, Johnson was a pretrial detainee. Defendants are correct. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (*citing Bell v. Wolfish*, 441 U.S. 520, 535-539 (1979)). After conviction, the Eighth Amendment is the "source of substantive protection" where an inmate challenges the deliberate use of excessive and unjustified force. *Whitley v. Albers*,

8

475 U.S. 312, 327 (1986). Similarly, for pretrial detainees, the "right to be free from deliberate indifference to their serious medical needs" arises under the Fourteenth Amendment's Due Process Clause. *Howell v. NaphCare, Inc.*, 67 F.4th 302, 310 (6th Cir. 2023). Therefore, Johnson's claim under the Eighth Amendment fails as a matter of law.

### B. Exhaustion

Defendants also argue that Johnson failed to exhaust his administrative remedies.

### 1. Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the

9

PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

2. Application

Here, as noted above, Johnson admitted at his deposition that he did not file any grievances regarding the events alleged in the complaint. And defendants submitted the affidavit of Jillian Macey, the Corrections Administrator for the Genesee County Sheriff's Office. (ECF No. 24-3). She confirms that there is a grievance process at the GCJ and that she has reviewed the GCJ grievance records and "confirmed there were no grievances filed by Kaylin Johnson concerning his booking into the Jail." (*Id.*, PageID.113). As such, defendants are also entitled to summary judgment on this ground.

10

C.   Genesee County Jail

Defendants argue that Johnson cannot bring a claim against GCJ because it is not a legal entity. They are correct. It is well settled that county jails and sheriff's departments in Michigan are not legal entities amenable to suit under Section 1983. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995), *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant in a § 1983 case). Thus, if Johnson had named the Genesee County Sherriff's Department as a defendant, not GCJ, they too would be subject to dismissal. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983); *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases ruling that government agencies are not legal entities amenable to suit under § 1983); *Nichols v. County of Wayne, et al.*, No. 18-12026, 2018 WL 6505360, *1, n. 2 (E.D. Mich. Dec. 11, 2018) (citing *Anthony v. Chylinski*, 2008 WL 4239204, *2 (E.D. Mich. Sept. 11, 2008)); *Arrington v. DePalma*, No. 1:21-CV-13057, 2022 WL 468947, at *1 (E.D. Mich. Feb. 15, 2022). Johnson therefore has not stated a viable claim against GCJ.

D.   Claims against Skinner

Defendants argue that Johnson's claims against Skinner in his official and individual capacity fail. For purposes of the motion, it appears that defendants

11

assume, as does the undersigned, that Johnson is bringing an excessive force claim under the Fourteenth Amendment.

### 1. Official Capacity

In § 1983 litigation, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n. 4 (6th Cir. 2000). Thus, Johnson's official capacity claims against Skinner are more accurately described as claims against the relevant municipality, Genesee County. As such, his official capacity claims against Skinner should be dismissed.

Even if Johnson had named Genesee County as a defendant, Johnson must plead and prove a municipal liability claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In order to establish liability under *Monell*, a plaintiff must identify the official policy or custom that caused his injury. *See Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Once the policy is identified, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

The Sixth Circuit has identified four ways in which a plaintiff may plead and prove that a municipality's policy, custom, or usage was the moving force behind

the alleged constitutional violation: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Here, although it is unclear which of these four theories Johnson relies on, it is clear that he cannot succeed on a *Monell* claim. First, at his deposition, Johnson could not specifically identify any policy that he contends is unconstitutional and resulted in the alleged conduct. This is insufficient to meet the high standard associated with a claim based on an official policy. *See Estate of Abbey v. Herring*, 598 F. Supp. 3d 572, 588-90 (E.D. Mich. 2022). When asked whether there was a policy specific to the alleged unconstitutional action asserted in this case, Johnson testified: "I don't know, but no, not that I'm aware." (ECF No. 24-2, PageID.107). Johnson also admitted that he has no knowledge or information about the policies of the Genesee County Jail. (*Id.*, PageID.109-110). He has also failed to identify a county-wide practice or custom that led to his alleged constitutional deprivation. Thus, defendants are entitled to summary judgment on Johnson's *Monell* claim.

2. Individual Capacity

Although at his deposition Johnson said he was suing Skinner in his official

13

capacity, *see* ECF No. 24-2, PageID.107, defendants have also argued that any claim against Skinner in his individual capacity fails because Skinner was not personally involved in any of the alleged conduct. To hold a defendant liable in his individual capacity under § 1983, a plaintiff must show that the named defendant was personally involved in the alleged constitutional deprivation. *Mhoon v. Metropolitan Government of Nashville & Davidson Co., Tenn.*, 2016 WL 6250379, *3 (M.D. Tenn. 2016) (*citing Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.")). As the court observed in *Bruce v. Smith*, 2014 WL 3928294, *5 (S.D. Ohio 2014), "personal involvement does not necessarily mean direct involvement; an official can be liable for encouraging another to commit an unconstitutional act or failing to intervene after personally observing another violating an individual's constitutional rights." *Id*. (*citing Belamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (recognizing that a supervisor can be liable for the acts of his employees if he encouraged or otherwise participated in the specific incident of misconduct)); *see also Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (noting that an official could be liable for failing to intervene if he observed or had reason to know that excessive force was being used by another officer).

Here, defendants again offer Macey's affidavit in which she states she that

"Skinner was not working at the Jail" at the time of the alleged incident. (ECF No. 24-3, PageID.113). Johnson has no evidence to the contrary. Based on the record, Skinner could not have personally participated in the complained of conduct, nor is there any evidence Skinner was aware of it. As such, Johnson cannot make out a claim against Skinner in his individual capacity to survive summary judgment.

V.   Conclusion

For the reasons stated above, defendants' motion can be granted on several grounds. First, Johnson has not plead a viable Eighth Amendment claim. Second. Johnson did not exhaust any of his administrative remedies. Third, GCJ is not an entity that can be sued. Finally, assuming Johnson brought an excessive force claim under the Fourteenth Amendment, he has not made out a municipal claim under *Monell* or against Skinner in his individual capacity to survive summary judgment. The undersigned therefore RECOMMENDS that defendants' motion for summary judgment be GRANTED.

Dated: August 9, 2024          s/Kimberly G. Altman
Detroit, Michigan              KIMBERLY G. ALTMAN
                               United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

15

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 9, 2024.

16

s/Carolyn Ciesla<br>
CAROLYN CIESLA<br>
Case Manager